AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
MAY X 2 2011
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EMC

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 3 11 70501 |
| ABULAZIZ KHALIL | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 4, 2008__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

*Code Section*           *Offense Description*

See Attachment A hereto

This criminal complaint is based on these facts:
See attached Affidavit of Senior Special Agent Jannette Coover which is Attachment B hereto

☑ Continued on the attached sheet.

Approved as to form:

_Robin L. Harris_
Assistant U.S. Attorney Robin Harris

Sworn to before me and signed in my presence.

Date: __5/2/11__

City and state: __San Francisco, California__

_Jannette Coover_
*Complainant's signature*

Senior Special Agent Jannette Coover
*Printed name and title*

_[signature]_
*Judge's signature*

Magistrate Judge Edward M. Chen
*Printed name and title*

**Attachment A**

18 USC 1425 Procurement of Citizenship or Naturalization Unlawfully

On or about December 4, 2008, in San Francisco, California, ABDULAZIZ KHALIL did willfully and knowingly approve the naturalization application for Elfinesh Babu, a person not entitled thereto, who had not appeared personally before him and met the requirements of naturalization, in violation of Title 18, United States Code, Section 1425.

**Penalty: 10 years imprisonment; $250,000 fine; 3 years supervised release $100 special assessment**

18 USC 1030 Fraud and Related Activity in Connection with Computers

On or about December 19, 2008, in San Francisco, California, ABDULAZIZ KHALIL did willfully and knowingly, and with intent to defraud, exceed his authorized access and access a U.S. Citizenship and Immigration Service computer database for the purpose of fraudulently approving the naturalization application for Elfinesh Babu, a person not entitled thereto, Title 18, United States Code, Section 1030.

**Penalty: 10 years imprisonment; $250,000 fine; 3 years supervised release $100 special assessment**

1

18 USC 1512 Tampering with a Witness, Victim, or an Informant

On or about December 19, 2008, in Fremont, CA, ABDULAZIZ KHALIL did willingly and knowingly attempt to persuade Messay Girma, the son of Elfinesh Babu, to give false testimony to law enforcement officers concerning the fraudulent naturalization of Elfinesh Babu, Title 18, United States Code, Section 1512.

**Penalty: 20 years imprisonment; $250,000 fine; 3 years supervised release $100 special assessment**

## Attachment B

I, Jannette Coover, being duly sworn, depose and state as follows:

1. I am a Senior Special Agent with the Department of Homeland Security (DHS) Office of Inspector General (OIG) and have been employed with DHS OIG for approximately eight years. Prior to my employment with DHS OIG, I was a Special Agent with the Federal Emergency Management Agency OIG for five years and a Special Agent with the Naval Criminal Investigative Service for five and a half years.

2. These facts are based on my personal participation in this investigation, as well as written and oral statements received from other law enforcement officers. I submit the facts contained in this statement demonstrate that probable cause exists to believe that the defendant named in the attached complaint committed the crimes charged in this complaint. Additionally, since this statement is being submitted for the purpose of supporting a criminal complaint, I have not included each and every fact known to me about the defendant or this investigation. I have included only those facts which I believe are necessary to establish probable cause to believe that the defendant has committed the crimes alleged in the complaint.

1

3. On or about April 9, 2010, I reviewed the Alien (A) File for EB, a Lawful Permanent Resident (LPR) in the United States, and learned that on or about December 4, 2008, Abdulaziz Khalil, District Adjudications Officer (DAO), U.S. Citizenship and Immigration Service (USCIS), San Francisco, CA, certified that EB met the requirements for U.S. citizenship. By so certifying, Abdulaziz Khalil stated that EB personally appeared before him at the USCIS office in San Francisco, CA, and was given and passed the citizenship tests related to knowledge of the English language and the U.S. Constitution.

4. Based on my training and experience as a Senior Special Agent with DHS, I know that when USCIS receives a citizenship application, a DAO is randomly assigned in the USCIS office geographically closest to the applicant. I am familiar with the testing process for a citizenship applicant based upon my duties and training at DHS. The procedure is as follows: After completing the application and submitting fingerprints, an applicant for U.S. citizenship is required to appear in person at a USCIS office so that the randomly assigned DAO can administer two citizenship tests. One test is to determine the applicant's level of competency with the English language; the other to determine if they have adequate knowledge of the U.S. Constitution. An applicant must pass both tests in order to obtain their U.S. citizenship.

5. On or about February 23, 2011, I interviewed USCIS personnel who advised that Abdulaziz Khalil was not the DAO assigned to EB's application; the assigned DAO was Steve Pantos. As set forth below, Abdulaziz Khalil improperly gained access to and control over EB's application and thereafter falsely certified that EB passed the citizenship tests, when in fact, EB never took the required tests.

6. On or about April 9, 2010, I spoke with Special Agent (SA) Robert Falche, who interviewed MG on March 23, 2010. I learned from SA Falche that MG, the son of EB, was introduced to Abdulaziz Khalil by MG's employer and that MG met with Abdulaziz Khalil prior to the submission of EB's application to USCIS. SA Falce advised me that MG stated to SA Falce that Abdulaziz Khalil reviewed EB's application and told MG that EB's application appeared fine; MG thereafter mailed EB's citizenship application to USCIS.

7. On or about April 9, 2010, I also learned from SA Falche that after completing and submitting her fingerprints to USCIS, on or about September 30, 2008, EB received a letter advising that her citizenship interview was scheduled for December 3, 2008. Agent Falce also interviewed EB (as set forth herein) and told me that shortly before December 3, 2008, EB learned that her daughter in Ethiopia was seriously ill. I learned from SA Falche that EB did not attend this interview because she was planning to fly to Ethiopia to be with her daughter.

3

Sometime prior to December 3, 2008, MG called Abdulaziz Khalil and told him that his mother, EB, could not make the interview. After learning that EB would not be able to attend her scheduled December 3, 2008, in-person interview, my review of the A File for EB (which I did on or about April 9, 2010) determined that Abdulaziz Khalil signed USCIS paperwork on December 4, 2008, falsely certifying that EB had interviewed with him and met the U.S. citizenship requirements when, in fact, she had not. On or about April 9, 2010, SA Falche told me he interviewed both EB and MG on October 21, 2009, and March 23, 2010, respectively, and both stated that, in fact, EB was never interviewed by USCIS nor did EB take and pass the required citizenship tests as Abdulaziz Khalil falsely certified.

8. In December 2008, the USCIS Office in San Francisco, CA, initiated an investigation of Abdulaziz Khalil after determining that he had certified numerous citizenship applications that were not assigned to him. After Abdulaziz Khalil was told by investigators on December 18, 2008, that he was under investigation, I learned from SA Falche, who interviewed MG, that after Abdulaziz Khalil learned he was under investigation, Abdulaziz Khalil arranged to meet and did meet with MG. During his meeting with MG on December 18, 2008, Abdulaziz Khalil admitted to MG he had falsely approved the citizenship application of EB, even though EB never appeared before Khalil nor took the required citizenship tests. MG told agent Falce that Abdulaziz Khalil instructed

4

MG to lie if contacted by USCIS or law enforcement investigators by stating that his mother, EB, had appeared before Abdulaziz Khalil and had taken the required citizenship tests when, in fact, EB had not appeared before Abdulaziz Khalil or any DAO and had not taken the required citizenship test.

9. On or about February 23, 2011, I personally obtained USCIS computer records that showed that on or about December 19, 2008, Abdulaziz Khalil accessed the USCIS Computer Linked Applications Information Management System (CLAIMS) Database and noted in the computer record for EB that EB had personally appeared before him and taken and passed the required citizenship tests. Abdulaziz Khalil then approved the U.S. citizenship application of EB in the computer record.

///

///

///

Based on the foregoing, there is probable cause to believe that Abdulaziz Khalil violated 18 U.S.C. § § 1425, 1030 and 1512. Thus, the undersigned asks the Court to issue an arrest warrant for Abdulaziz Khalil. I further request that this affidavit and criminal complaint be filed under seal in order to protect the ongoing investigation into others who may have aided and abetted the criminal activity described herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Jannette Coover*
JANNETTE COOVER
SSA Department of Homeland Security

Sworn and subscribed to me this ___ day of May, 2011.

EDWARD M. CHEN
United States Magistrate Judge
Northern District of California